William J. Regan, S.
This proceeding has been brought by Mona Freedman and Arthur Joseph Freedman, under section 124 of the Decedent Estate Law to compel apportionment of the estate taxes and expenses against Albert Freedman and Aaron Freedman. Both Albert Freedman and Aaron Freedman received property by virtue of decedent’s death outside of the intestate estate for distribution. An answer has been interposed by Albert and Aaron Freedman denying many of the allegations of petitioners, interposing other defenses and counterclaims and also demanding a jury trial in this proceeding.
Section 124 of the Decedent Estate Law specifically vests all questions regarding proceedings of tax apportionment in the Surrogate and is, without doubt, in the nature of an accounting proceeding and therefore equitable in nature. This section was enacted in 1930 and at that time created a new statutory right.
Under section 68 of the Surrogate’s Court Act, a right of trial by jury is permitted ‘ ‘ in any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury ’ ’.
*240 “ The right to trial by jury is a constitutional one preserved in those instances where it had heretofore existed in the Constitutions adopted in 1846 and 1894. The right of election was created by chapter 229 of the Laws of 1929 [Decedent Estate Law, § 18], applicable to persons dying after August 31, 1930, and rights created thereby are not therefore determinable by a jury trial as a matter of right.” (Matter of Littman, 15 Misc 2d 430.) The reasoning of that case most assuredly applies to proceedings under section 124 of the Decedent Estate Law.
The court therefore finds that this proceeding is purely equitable and denies a trial by jury.